1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRESTON EASLEY, State Bar No. 108347
(maritime@earthlink.net)
CHRISTOPHER BULONE, State Bar No. 278882
(christopher@prestoneasley.com)
PETER YOVANOVICH, State Bar No. 305794
(max@prestoneasley.com)
LAW OFFICES OF PRESTON EASLEY APC
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone:  (310)832-5315
Facsimile:  (310)832-7730

Attorneys for Plaintiff
          CHRISTOPHER WHEELER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTOPHER WHEELER,<br><br>          Plaintiff,<br><br>     v.<br><br><br>EXELIS INC.; HARRIS CORPORATION; HARRIS CORPORATION, A DELAWARE CORPORATION; and UNITED STATES OF AMERICA,<br><br>          Defendants. | Case No: 16CV1075 LAB-MDD<br><br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| --- | --- |

COMES NOW PLAINTIFF CHRISTOPHER WHEELER and complains

of defendants and each of them, and alleges:

-1-

FIRST CAUSE OF ACTION FOR NEGLIENCE AGAINST DEFENDANTS EXELIS INC.; HARRIS CORPORATION; AND HARRIS CORPORATION, A DELAWARE CORPORATION

1.   Plaintiff CHRISTOPHER WHEELER is a resident of the City of Chula Vista, County of San Diego, State of California.

2.   Defendant EXELIS INC. is a corporation doing business in the State of California.  Defendant EXELIS INC. merged with defendant HARRIS CORPORATION and is now known as HARRIS CORPORATION. Defendant HARRIS CORPORATION does business in the State of California and is headquartered in Melbourne, Florida.  In California defendant HARRIS CORPORATION is known as defendant HARRIS CORPORATION, A DELAWARE CORPORATION.  All allegations, claims and prayers in this complaint against defendant EXELIS INC. are simultaneously made against defendants HARRIS CORPORATION and HARRIS CORPORATION, A DELAWARE CORPORATION.

3.   Defendant UNITED STATES OF AMERICA is a sovereign which has consented to be sued herein under the Suits in Admiralty Act, 46 U.S.C. Sec. 781-790; the Public Vessels Act, 46 U.S.C. Sec. 781-790; admiralty and the general maritime law.

4. Federal jurisdiction is based on the Jones Act, the Suits in Admiralty Act, the Public Vessels Act, Admiralty and the General Maritime Law.

5. At all times mentioned herein plaintiff CHRISTOPHER WHEELER was employed as a boat operator aboard an inflatable Mark 5 ZODIAC motor boat by defendant EXELIS INC.

6. At all times mentioned herein defendant EXELIS INC. employed plaintiff CHRISTOPHER WHEELER aboard the aforesaid Mark 5 ZODIAC motor boat which it owned and operated in navigable waters near Bahrain.

7. At all times mentioned herein defendant UNITED STATES OF AMERICA owned and operated the vessel USNS CATAWBA (T-ATF-168), a fleet ocean tug, in navigable waters near Bahrain in joint operations with the Mark 5 ZODIAC operated by plaintiff CHRISTOPHER WHEELER.

8. At all times mentioned herein plaintiff CHRISTOPHER WHEELER was a Jones Act seaman and defendant EXELIS INC. was his Jones Act employer.

9. On or about March 17, 2015, while operating an the Mark 5 ZODIAC owned and controlled by defendant EXELIS INC. in navigable waters near Bahrain plaintiff CHRISTOPHER WHEELER suffered severe and disabling injuries when an unmanned underwater vehicle tied to the Mark

-3-

5 ZODIAC came out of the water as it was being lifted by a crane on the USNS CATAWBA and struck him.  Defendant EXELIS INC. negligently required plaintiff to operate said Mark 5 ZODIAC in unsafe sea conditions, negligently failed to untie the unmanned underwater vehicle from the Mark 5 ZODIAC prior to hooking it to the USNS CATAWBA's crane and negligently failed to conduct retrieval operations on the lee side of the USNS CATAWBA.

10. Said defendants negligently caused and allowed said Mark 5 ZODIAC and said unmanned underwater vehicle to be put into the ocean in the face of an oncoming hurricane.

11. Said defendants negligently failed to properly plan the lift of the unmanned underwater vehicle out of the ocean and negligently failed to maintain proper communications with the crane operator on the USNS CATAWBA.

12. Defendant EXELIS INC. negligently failed to provide plaintiff CHRISTOPHER WHEELER with a safe place to work.

13. As a result of defendant EXELIS INC.'s negligence plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in

1
2
3
4

an amount to be proven at trial. Plaintiff informed and believes that

thereon alleges that such injuries will result in permanent disability to

him.

5
6
7
8
9
10
11
12

14.  As a further result of defendant EXELIS INC.'s negligence plaintiff has

incurred and will continue to incur medical and related expenses, the full

amount of which is not known to plaintiff at this time, and plaintiff will

move to amend this complaint to state such amount when the same

becomes known to him, on proof thereof. The amount of plaintiff medical

expenses will be proven at trial.

13
14
15
16
17
18
19
20
21
22
23
24

15.  As a further result of defendant EXELIS INC.'s negligence plaintiff's

earning capacity has been greatly impaired, both past and future, and

plaintiff has suffered and will continue to suffer a loss of wages, fringe

benefits and wage earning capacity and the ability to perform household

services. The exact amount is not known to plaintiff as this time,

therefore plaintiff will move to amend this complaint to state such amount

when the same becomes known to him, on proof thereof, and such amount

will be proven at trial.

25
26

SECOND CAUSE OF ACTION FOR MAINTENANCE AND CURE AND

UNEARNED WAGES AGAINST DEFENDANTS EXELIS INC.; HARRIS

27
28

CORPORATION; AND HARRIS CORPORATION, A DELAWARE

CORPORATION

16.  Plaintiff incorporates by reference, as though fully set forth below, each

and every allegation of paragraphs 1 through 15 of the First Cause of

Action herein.

17.  On or about March 17, 2015 while working aboard a certain Mark 5

ZODIAC motor boat in navigable waters near Bahrain, plaintiff suffered

severe and disabling injuries.

18.  Immediately prior to suffering these injuries, plaintiff was a strong, able

bodied person, capable of continuous gainful employment in the

occupation of boat operator.  By reason of these disabling injuries,

plaintiff has been caused to suffer great physical and mental pain and

suffering, and has incurred and will continue to incur medical and related

expenses, and for a period of time was and will be unable to attend to his

usual occupation as a boat operator.  He is therefore entitled to

maintenance and cure and unearned wages from defendants EXELIS

INC.; HARRIS CORPORATION; and HARRIS CORPORATION, A

DELAWARE CORPORATION.

THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT

UNITED STATES OF AMERICA

19. Plaintiff incorporates by reference, as though fully set forth below, each and every allegation of paragraphs 1 through 18 of the First and Second Causes of Action herein.

20. On or about March 17, 2015, while operating an a Mark 5 ZODIAC inflatable motor boat in navigable waters near Bahrain plaintiff CHRISTOPHER WHEELER suffered severe and disabling injuries when he was struck by an unmanned underwater vehicle as it was being lifted out of the water by defendant UNITED STATES OF AMERICA ("USA") by a crane on the vessel USNS CATAWBA which was owned and operated by defendant USA.  Defendant USA negligently lifted the unmanned underwater vehicle out of the water while it was still tied to the Mark 5 ZODIAC operated by plaintiff CHRISTOPHER WHEELER, thereby causing the aforesaid accident and injury to plaintiff.  Defendant USA negligently failed to conduct retrieval operations on the lee side of the USNS CATAWBA.  Defendant USA negligently failed to safely lift the unmanned underwater vehicle out of the water.  Said unmanned underwater vehicle was under the exclusive control of defendant USA therefore the doctrine of res ipsa loquitur applies.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21. Defendant USA negligently caused and allowed said Mark 5 ZODIAC and said unmanned underwater vehicle to be put into the ocean in the face of an oncoming hurricane.

22. The crane operator on the USNS CATAWBA, an employee of defendant USA, negligently failed to properly plan the lift of the unmanned underwater vehicle out of the ocean and negligently failed to maintain proper communications with the personnel in the Mark 5 ZODIAC to which the unmanned underwater vehicle was tied.

23. As a result of defendant USA's negligence plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which injuries have caused, and continue to cause, plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent disability to him.

24. As a further result of defendant's USA's negligence plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes

known to him, on proof thereof.  The amount of plaintiff's past and future medical expenses will be proven at trial.

25. As a further result of defendant USA's negligence plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue to suffer a loss of wages, fringe benefits, wage earning capacity and ability to perform household services in an amount which will be proven at trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1.  For general damages, according to proof;

2.  For damages for medical and related expenses, according to proof;

3.  For damages for lost earnings, both past and future, and loss of earning capacity and fringe benefits and loss of ability to perform household services, according to proof;

4.  For maintenance and cure and unearned wages according to proof, against defendants EXELIS INC.; HARRIS CORPORATION; and HARRIS CORPORATION, A DELAWARE CORPORATION;

5.  For costs of suit herein incurred; and

6.  For such other and further relief as the Court may deem proper.

Date:  May 23, 2016                          /s/ Preston Easley
                                             PRESTON EASLEY
                                             CHRISTOPHER BULONE
                                             PETER YOVANOVICH
                                             Attorneys for Plaintiff
                                             CHRISTOPHER WHEELER

## DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER WHEELER hereby demands a trial by jury in this action.

Dated:  May 23, 2016                         /s/ Preston Easley
                                             PRESTON EASLEY
                                             CHRISTOPHER BULONE
                                             PETER YOVANOVICH
                                             Attorneys for Plaintiff
                                             CHRISTOPHER WHEELER